UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JERRION M. HALEY, | Case No. 2:14-cv-2059-APG-PAL |
| Plaintiff, | **SCREENING ORDER** |
| v. | |
| ROBERT ARNOLD et al., | |
| Defendants. | |

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis* and a motion to have the court clerk electronically serve defendants. (Dkt. # 1-1, 5, 7.) The matter of the filing fee shall be temporarily deferred. The Court now screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

**I.   SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1 In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law.  See Chappel v. Lab. Corp. of America, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.  See Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999).  In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff.  See Warshaw v. Xoma Corp., 74 F.3d 955, 957 (9th Cir. 1996).  Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers.  See Hughes v. Rowe, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient.  Id.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth."  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  "While legal

conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.   SCREENING OF COMPLAINT[1]

In the complaint, Plaintiff sues multiple defendants for events that took place while Plaintiff was incarcerated at Southern Desert Correctional Center ("SDCC"). (Dkt. #1-1 at 1). Plaintiff sues Defendants Correctional Officer Robert Arnold, Hearing Officer/Lieutenant R. Kozloff, and Correctional Officer Ronald Oliver. (*Id.* at 1-2). Plaintiff alleges three counts and seeks declaratory relief, injunctive relief, and monetary damages. (*Id.* at 3, 6, 9).

### A.   Counts I and II

In Count I, Plaintiff alleges the following: Disciplinary hearing officer Oliver would not call Plaintiff's witnesses. (Dkt. #1-1 at 4). Prison officials put Plaintiff in administrative segregation even though he has a right to an adversarial hearing before being placed into administrative segregation. (*Id.*) Administrative segregation was exceptionally harsh. (*Id.*) Plaintiff alleges a due process violation. (*Id.*)

---

[1] Plaintiff files a motion to have the Clerk of the Court electronically serve Defendants. (Dkt. #7). The Court denies this motion. The Court will direct the Clerk of the Court to electronically serve Defendants when it is procedurally applicable to do so.

In Count II, Plaintiff alleges the following: Plaintiff was found guilty of disciplinary charges. (*Id.* at 5). Plaintiff is entitled to a written statement by fact finders regarding the evidence relied on and the reasons for the disciplinary action. (*Id.*) Hearing officers Barth and Oliver did not provide any explanations for the conclusions they reached. (*Id.*) They did not provide any reasons for believing the written reports of the officers over Plaintiff's personal testimony. (*Id.*) Plaintiff alleges due process violations. (*Id.*).

As an initial matter, although Plaintiff states that he was sent to administrative segregation, the Court interprets Plaintiff's allegations as stating that he had been sent to disciplinary segregation. Prison officials may send an inmate to administrative segregation without an adversarial hearing. *See Hewitt v. Helms*, 459 U.S. 460, 476 (1983), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995) (holding that when a prisoner is placed in administrative segregation, prison officials must, within a reasonable time after the prisoner's placement, conduct an informal, non-adversary review of the evidence justifying the decision to segregate the prisoner). The Court analyzes Plaintiff's claims under the disciplinary segregation standard.

In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. *Sandin v. Conner*, 515 U.S. 472, 487 (1995). In *Sandin*, the Supreme Court held that a prisoner has a liberty interest when confinement "imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. In *Sandin*, the Supreme Court focused on three factors in determining that the plaintiff possessed no liberty interest in avoiding disciplinary segregation: (1) disciplinary segregation was essentially the same as discretionary forms of segregation; (2) a comparison between the plaintiff's confinement and conditions in the general population showed that the plaintiff suffered no "major disruption in his environment;" and (3) the length of the plaintiff's sentence was not affected. *Id.* at 486-87.

When a protected liberty interest exists and a prisoner faces disciplinary charges, prison officials must provide the prisoner with (1) a written statement at least twenty-four

hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. *See Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974).

"When prison officials limit an inmate's efforts to defend himself, they must have a legitimate penological reason." *Koenig v. Vannelli*, 971 F.2d 422, 423 (9th Cir. 1992). An inmate's right to present witnesses may legitimately be limited by "the penological need to provide swift discipline in individual cases . . . [or] by the very real dangers in prison life which may result from violence or intimidation directed at either other inmates or staff." *Ponte v. Real*, 471 U.S. 491, 495 (1985). Jail officials "must make the decision whether to allow witnesses on a case-by-case basis, examining the potential hazards that may result from calling a particular person." *Serrano v. Francis*, 345 F.3d 1071, 1079 (9th Cir. 2003). Despite this, an inmate has no right to cross-examine or confront witnesses in prison disciplinary hearings. *See Wolff*, 418 U.S. at 567-68.

"[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board." *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985). However, this standard does not apply when a prisoner alleges that a prison guard's report is false. *Hines v. Gomez*, 108 F.3d 265, 268 (9th Cir. 1997).

The Court finds that Plaintiff fails to state due process claims at this time. First, Plaintiff has not alleged any facts that disciplinary segregation imposed an atypical and significant hardship on Plaintiff in relation to the ordinary incidents of prison life. Instead, Plaintiff simply states segregation was "exceptionally harsh." Second, it is unclear whether Plaintiff is alleging that he failed to receive a written notification of the charges, the description of the evidence against him, and an explanation for the disciplinary action taken against him before the hearing or whether Plaintiff is alleging a

deficiency in a written report given to him at the conclusion of the hearing.  Procedural due process requires Plaintiff to have notice before the hearing.  As such, the Court dismisses the due process claims, without prejudice, with leave to amend.

### B.     Count III

In Count III, Plaintiff alleges the following:  A correctional employee is negligent when they fail to use reasonable care.  (Dkt. #1-1 at 6).  Negligent officers failed to keep Plaintiff safe.  (*Id.*).  Prison officials were negligent in failing to provide enough guards to prevent an assault.  (*Id.*)  Plaintiff alleges an Eighth Amendment violation of the right to medical care.  (*Id.*)

The Court dismisses this claim with leave to amend.  Plaintiff has not provided the Court with enough facts to determine whether a claim exists.  Based on the allegations, Plaintiff may be attempting to state a claim for failure to protect.  Upon amendment, Plaintiff should take note of the following law:  Under the Eighth Amendment, prison officials have a duty to protect prisoners from violence at the hands of other prisoners.  *Farmer v. Brennan*, 511 U.S. 825, 833 (1994).  To establish a violation of this duty, the prisoner must establish that prison officials were deliberately indifferent to serious threats to the inmate's safety.  *Id.* at 834.  To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference."  *Id.* at 837.  Prison officials may not escape liability because they cannot, or did not, identify the specific source of the risk; the serious threat can be one to which all prisoners are exposed.  *Id.* at 843.

Upon amendment, the Court directs Plaintiff to follow the directions in the form complaint and "[s]tate the facts clearly, in your own words, and without citing legal authority or argument . . . describe exactly what each specific defendant (by name) did to violate your rights."

### C. Leave to Amend

Plaintiff is granted leave to file an amended complaint to cure the deficiencies of the complaint. If Plaintiff chooses to file an amended complaint he is advised that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff must file the amended complaint on this Court's approved prisoner civil rights form and it must be entitled "First Amended Complaint."

The Court notes that if Plaintiff chooses to file an amended complaint curing the deficiencies, as outlined in this order, Plaintiff shall file the amended complaint within 30 days from the date of entry of this order. If Plaintiff chooses not to file an amended complaint, the Court shall dismiss this action without prejudice.

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that a decision on the application to proceed *in forma pauperis* (Dkt. #5) is deferred.

**IT IS FURTHER ORDERED** that the motion to have court clerk serve defendants (Dkt. #7) is denied.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the complaint (Dkt. #1-1).

**IT IS FURTHER ORDERED** that the complaint is dismissed in its entirety, without prejudice with leave to amend, for failure to state a claim.

1     **IT IS FURTHER ORDERED** that if Plaintiff chooses to file an amended complaint curing the deficiencies of his complaint, as outlined in this order, Plaintiff shall file the amended complaint within 30 days from the date of entry of this order.

    **IT IS FURTHER ORDERED** that the Clerk of the Court shall send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original complaint (Dkt. #1-1). If Plaintiff chooses to file an amended complaint, he must use the approved form and he shall write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

    **IT IS FURTHER ORDERED** that if Plaintiff fails to file an amended complaint curing the deficiencies outlined in this order, this action shall be dismissed without prejudice.

Dated: April 24, 2015.

_____
UNITED STATES DISTRICT JUDGE